Luis Fernández Viñas y Rosa Rosales, demandantes y apelantes, *v.* Loíza Sugar Company, James H. Post, James D. Coombs y Frederick S. Armstrong, The Fajardo Sugar Growers' Association y The Fajardo Sugar Company of Porto Rico, demandados y apelados.

No. 6357.—*Sometido:* Mayo 5, 1934. *Resuelto:* Noviembre 15, 1935.

*C. Coll y Cuchí,* abogado de los apelantes; *Jaime Sifre,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Después de un juicio dictó sentencia la Corte de Distrito de San Juan declarando sin lugar la demanda de los esposos demandantes y fué interpuesta esta apelación.

Luis Fernández Viñas y su esposa Rosa Rosales tenían en arrendamiento dos fincas desde el 1º. de julio de 1928, una nombrada "Carmen," de la Loíza Sugar Company, y otra llamada "Cupey," que les subarrendó The Fajardo Sugar Growers' Association, por cierto número de años ambas. En 10 de julio del mismo año 1928, The Fajardo Sugar Company prestó a esos consortes la cantidad de $11,000 con garantía de cierto número de cabezas de ganado, con la cual pagó Fernández Viñas a The Loíza Sugar Company $10,975, como parte de una deuda mayor que con dicha corporación tenía

entonces, quedando a deberle $7,098.50, cuya última cantidad autorizó Fernández Viñas seis días después a la Fajardo Sugar Company para que se la abonara a dicha Loíza Sugar Company y se la cargara a él en su cuenta corriente por refacción agrícola. Cuando un año después venció el préstamo de los $11,000, no lo satisfizo Fernández Viñas, y entonces The Fajardo Sugar Company inició un procedimiento judicial para el cobro del mismo por la vía ejecutiva. Luis Fernández Viñas para esa época había dispuesto de parte del ganado que había dado como garantía del pago de dichos $11,000. Entonces fué firmada el 24 .de julio de 1929 por la tarde, por los otorgantes y testigos, una escritura por la cual quedaron rescindidos los contratos de arrendamiento y subarrendamiento de las dos fincas y los demandantes vendieron a The Fajardo Sugar Growers' Association todas las cañas que tenían sembradas en ellas, así como ganado, abono y los utensilios de labranza que se encontraban en las mismas, todo por precio de $14,399.64, de los cuales retuvo la compradora $11,895.02 para pagar a The Fajardo Sugar Company los $11,000 del mencionado préstamo, sus intereses devengados hasta esa fecha ascendentes a $858.00, y otra cantidad de $37.02 como saldo de la referida cuenta corriente que tenía The Fajardo Sugar Company por refacción con los esposos Fernández-Rosales. El remanente del precio montante a $2,504.62 se lo pagó en efectivo. Esa escritura la leyó por la mañana Fernández Viñas y entonces recibió los $2,504.62 por su balance. El préstamo de los $11,000 lo cargó la Fajardo Sugar Company el 10 de julio de 1928 en la cuenta corriente de ella con los esposos Fernández-Rosales por refacción agrícola, pero tres días después de haber hecho ese cargo quedó éste sin efecto por un asiento de abono hecho en la misma cuenta; y el mismo día, en otra cuenta de préstamo agrícola, se cargó esa suma a los demandantes. Más tarde, el 24 de julio de 1929, en cuyo día fué firmada la escritura de rescisión de arrendamiento y venta, se llevó a la cuenta corriente como cargo la cantidad de $11,000 del

expresado préstamo y otra cantidad de $858.00 por intereses del mismo, pero con la misma fecha fué saldada toda la cuenta por su total de $11,895.02, que era lo que The Fajardo Sugar Growers' Association retuvo en la compra que hizo a los esposos Fernández-Rosales para pagárselos a la Fajardo Sugar Company.

Después de esos hechos Luis Fernández Viñas y su esposa radicaron la demanda que motiva esta apelación, en la que alegan que la mencionada escritura de 24 de julio de 1929 es nula porque fué otorgada por error, violencia e intimidación y además porque no tiene causa de obligar. En consecuencia solicitaron que se declarase tal nulidad y se condenase a los demandados a pagarles cierta cantidad de dinero como indemnización por perjuicios sufridos.

La prueba testifical presentada en el juicio es contradictoria pues mientras los demandantes y los testigos que presentaron declararon que Fernández Viñas no quería firmar esa escritura ni tampoco su esposa y que ése era un documento provisional porque fué convenido que pocos días después se firmaría otra escritura definitiva pasándole las fincas a don Marcial Suárez para que éste se las arrendase a Fernández Viñas, sin embargo, la prueba de los demandados contradijo totalmente esas declaraciones y afirmó que no hubo oposición alguna de los demandantes para firmar esa escritura y que la suscribieron voluntariamente sin protesta de clase alguna y sin que hubiera manifestación alguna de que se trataba de una escritura provisional. La Corte de Distrito no dió crédito a las declaraciones de los testigos de los demandantes pero sí se lo dió a las de los testigos de los demandados, resolviendo así el conflicto de la evidencia de manera justa y apropiada, pues después de leer nosotros todas esas declaraciones llegamos sin vacilación alguna a la conclusión de que el juez estuvo acertado en la resolución de este conflicto, por lo que no podemos sostener que el documento fué otorgado por dolo o error, ni tampoco por intimidación debida a haber dispuesto el Sr. Fernández Viñas de

parte del ganado que había dado en garantía del préstamo. Es más, la prueba de los demandantes es contradictoria en sí misma.

■ Con respecto a la falta de causa para ese contrato alegan los mencionados esposos que no debían los $11,000 del préstamo agrícola e intereses que fueron retenidos en la escritura de venta, porque habiendo sido cargado ese préstamo el 10 de julio de 1928 en la cuenta de refacción con The Fajardo Sugar Company, fué cancelado ese asiento tres días después por abono que de dicha deuda fué hecho en la misma. Esto es, que por no estar debiendo esos $11,000 en la fecha de la escritura, no había causa en ella para celebrar ese contrato, por lo que es nula y deben ser indemnizados los demandantes en los daños y perjuicios que les ha causado.

· Bastará decir que habiendo sido concedido el préstamo el 10 de julio de 1928 se cargó primeramente en la cuenta de refacción ese mismo día y se canceló por asiento contrario tres días después, o sea con fecha 13 de julio de dicho año en que tal préstamo fué anotado en el libro de préstamos agrícolas de la Fajardo Sugar Company, por lo que puede verse que el primer asiento que aparece en la referida cuenta de refacción se hizo interinamente mientras se llevaba al libro correspondiente de préstamos, lo cual no se llevó a cabo hasta tres días después, por motivos que desconocemos. Posiblemente se cargó la cantidad en la cuenta corriente el mismo día en que el préstamo agrícola fué hecho para que esa cantidad no quedase sin salida en los libros en tanto el préstamo era llevado a la otra cuenta. En lo referente a que por segunda vez se volvió a cargar el importe de ese préstamo en la cuenta corriente el día 24 de julio de 1929 y también cancelado en la misma fecha por entrega que hiciera la Fajardo Sugar Growers' Association por cuenta de Fernández Viñas de conformidad con lo estipulado en la escritura de venta antes mencionada, será suficiente advertir que según resulta de la prueba y lo deja explicado especialmente el testimonio de Eladio J. Candal, quien tenía a su

cargo la contabilidad de The Fajardo Sugar Company, el montante de dicho préstamo agrícola y de sus intereses devengados hasta entonces, ascendentes a la suma de $858.00, fué saldado en el libro de préstamos agrícolas al tiempo de otorgarse la escritura, trasladándose como cargo a la cuenta de refacción para en unión al pequeño saldo pendiente de la misma en esa fecha formar el balance englobado de $11,895.02, cuyo importe retuvo la compradora The Fajardo Sugar Growers' Association para pagarlo a The Fajardo Sugar Company. Que el préstamo agrícola no había sido satisfecho y por consiguiente se estaba aún adeudando, lo demuestra por otra parte el hecho de que en la repetida escritura reconoció Fernández Viñas expresamente estar debiendo a The Fajardo Sugar Company los $11,000 del mismo en adición a los $858.00 indicados por concepto de intereses, partidas éstas que fueron canceladas el mismo día 24 de julio de 1929 en el libro de préstamos agrícolas.

En cuanto a los daños reclamados no existen por no ser nula la escritura.

*Por lo expuesto no vemos motivo alguno para revocar la sentencia apelada y debe ser confirmada.*